[Cite as *State v. Spears*, 2016-Ohio-2847.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103840**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JERMAINE SPEARS

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595863-A

**BEFORE:** Laster Mays, Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 5, 2016

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan
75 Public Square, Suite 1325
Cleveland, Ohio 44113

Jermaine Spears, pro se
5809 Harvard
Cleveland, Ohio 44105

Jermaine Spears, pro se
Judge Nancy R. McDonnell CBCF
3540 Croton Avenue
Cleveland, Oh    44115


**ATTORNEY FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} This is an appeal from defendant-appellant Jermaine Spears's conviction in the Cuyahoga County Common Pleas Court where he entered a plea of guilty to domestic violence pursuant to R.C. 2919.25(A), aggravated menacing pursuant to R.C. 2903.21, and disrupting public service pursuant to R.C. 2909.04(A)(3). The underlying acts involved Spears's ex-girlfriend and three children they had together.

{¶2} Spears's appointed counsel on appeal has filed a brief with this court pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). An Anders brief must meet the protocol designed to honor and protect an indigent defendant's constitutional right to counsel, requiring that counsel seeking to withdraw from representation demonstrate good faith and diligence in investigating potential grounds for appeal. "This procedure will assure penniless defendants the same rights and opportunities on appeal -- as nearly as is practicable -- as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel." *Anders,* at 745.

{¶3} After conducting an independent assessment of the record, we find no meritorious issues for appellate review. Therefore, appellate counsel is permitted to withdraw and the appeal is dismissed.

{¶4} Spears was indicted in May 2015 on the following counts for acts occurring on or about April 15, 2015: Count 1, kidnapping (R.C. 2906.01(A)(2)) with one- and

three-year firearm specifications; Count 2, domestic violence (R.C. 2929.25(A)) with one- and three-year firearm specifications; Counts 3 and 4, criminal damaging or endangering (R.C. 2909.06(A)(1)); Count 5 aggravated menacing (R.C. 2903.21(A)); and Count 6, disrupting public services (R.C. 2909.04(A)(3)), with one- and three-year firearm specifications.

{¶5} The indictments arose from an encounter between Spears and the mother of his children. Spears allegedly broke the mother's car window, hit her, and threw a brick at her vehicle. Reportedly, the dispute arose due to a social media post by the girlfriend regarding Spears's failure to support their children. Spears plead not guilty to the charges.

{¶6} On November 2, 2015, Spears appeared before the trial court. The prosecutor informed the court that a plea agreement had been reached. The one- and three-year firearm specifications were deleted from Counts 2 and 5 of the indictment. Spears agreed to plead guilty to the amended Count 2 domestic violence, a third-degree felony, Count 4 aggravated menacing, a first-degree misdemeanor, and the amended Count 5 disrupting public services, a fourth-degree felony.

{¶7} After confirming that Spears had spoken with his attorney, the trial court made a thorough inquiry on the record during the plea proceedings regarding Spears's citizenship, age, education, whether he was under the influence of alcohol and/or drugs or was induced to enter the plea. The rights that Spears's was waiving by entering a plea were delineated: (1) trial by jury or by judge; (2) legal representation at trial including

via appointment if indigent; (3) to require that the state prove guilty beyond a reasonable doubt; (4) to confront witnesses so he could see them face to face and cross-exam them in order to test the truthfulness of their testimony; (5) to compel witnesses to appear; and (6) to choose not to testify at trial. After identifying each right, the trial court asked Spears whether he understood the right and Spears responded affirmatively each time. The trial court then summarily inquired whether Spears understood all of those rights and was willing to waive them. Spears again responded, "yes."

{¶8} The court proceeded to review the potential penalties for Count 2, including prison term increments, as well as probation periods, and conditions which could include up to 180 days in county jail, fines and costs. The trial court also discussed post-release control periods and penalties for violating post-release control. Spears responded affirmatively to each segment of the explanation.

{¶9} The trial court moved on to explain the potential prison term, fines, and probation terms and conditions for Count 4 and that there was no post-release control. Spears confirmed his understanding.

{¶10} The trial court last addressed the penalties for violating Count 5, explaining the differences between Count 2 as a third-degree felony and Count 5 as a fourth-degree felony, and detailing the options and ramifications relating to incarceration, probation and post-release control.

**{¶11}** The trial court further detailed the possibility of concurrent and consecutive terms which would be determined at the time of sentencing. Spears responded that he understood all of the information that the trial court was providing and that he had talked with his attorney. Finally, Spears stated that no threats or promises were made in order to get him to change his plea and proceeded to plead guilty.

**{¶12}** The trial court summarized for the record, that Spears knowingly, voluntarily and intelligently, with a full under[standing] of his rights, entered into a change of plea * * *. Has the Court complied with Criminal Rule 11?" (Tr. 19.) All counsel agreed that it had.

**{¶13}** The sentencing phase was explained to Spears. Included in the divulgence was the victim's right to speak, that the prosecutor could speak on the victim's behalf, and that the victim could also provide a letter, a copy of which would be shared with Spears's counsel prior to trial. A presentence report ("PSI") was ordered and sentencing scheduled. A mental health assessment was also ordered at the prosecutor's request based on input from the victim shared prior to the plea hearing. That process was also explained to Spears and, once again, Spears confirmed his understanding.

**{¶14}** The sentencing phase took place on November 23, 2015. Spears appeared with counsel. The court explained the sentencing process in detail and repeated the review of the counts and the potential penalties. Based on the PSI and mental health assessment, and considering the input from the victim, the

court determined that, while Spears did not have a drug dependency or mental health disorder, it appeared that he would benefit from some sort of anger management and/or domestic violence counseling. In fact, the court gave due consideration to crafting a sentence that would foster a more positive relationship and life for his children. Spears apologized to the trial court for his behavior and said that he also wanted to apologize to the victim and their children.

{¶15} Spears and the trial court discussed his prior record and his current conduct. Based on the discussion, the trial court determined that it was in the best interest of Spears, his children and the public to sentence Spears to a community based control facility ("CBCF") where he could receiving counseling, obtain his GED and engage in training for gainful employment.

{¶16} Spears was sentenced to three years on each count of community based control with a maximum six months, minimum three months at a CBCF to run concurrently. Spears received 159 days of jail time credit, subject to the specified probationary conditions. Spears was also declared indigent for purposes of appeal, but ordered to pay costs, and expenses of the case with credits for community work service.

{¶17} In response to Spears's statement that, while he did not disagree with the trial court's decision, he would miss his children, the trial court took the time to talk with him about how CBCF works, how he would be able to still see his children, and how he could be released sooner if he performs well. "You're 27. It's time to start a different

path, and this is an opportunity for you to do that, if you're motivated to make that work."

(Tr. 46.)

**{¶18}** The hearing concluded with the trial court's recounting of the sentence, penalties for probation violation and mandatory post-release control terms and penalties. Spears was also required to demonstrate during his probation period a degree of progress in providing child support. Finally, the judge encouraged him to take advantage of this opportunity. Spears expressed his appreciation.

**{¶19}** Spears's appointed appellate counsel filed a notice of appeal, and subsequently filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellate counsel has asserted that, after a thorough review of the record, proceeding with the appeal would be frivolous. Appellant counsel served Spears with a copy of the motion to withdraw and the *Anders* brief. This court notified Spears that he had until March 21, 2016 to file his own appellate brief; but he has not done so.

**{¶20}** In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief

and request to withdraw; and (2) allow the client sufficient time to raise any matters that the client chooses. *Id.*

**{¶21}** The appellate court must then fully examine the proceedings below to determine if any arguably meritorious issues exist. The court may grant counsel's request to withdraw from the case and dismiss the appeal without violating constitutional requirements if the court determines that the appeal is wholly frivolous, or may proceed to a decision on the merits where required by state law. *Id.*

**{¶22}** Counsel bears the burden of demonstrating the efficacy of the motion; thus, the *Anders* brief must reference "anything in the record that might arguably support the appeal[.]" *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 439, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988) (quoting *Anders* at 744).

**{¶23}** Appellate counsel has fully complied with the *Anders* requirements. Counsel posits that appellant lacks a meritorious argument because the plea was knowingly, voluntarily and intelligently made. We agree.

**{¶24}** It is clear upon a thorough review of the trial transcript that the trial court went above and beyond in meeting the elements of Crim.R. 11, R.C. 2919.11 (purposes of felony sentencing), and R.C. 2919.12 (seriousness of the crime and recidivism). The record is replete with statements from Spears that he understood the detailed explanation provided to him prior to entering his plea, as well as during sentencing.

**{¶25}** Based on this court's full and independent review of the record, as recited in this opinion, we find that there were no meritorious issues for review and further find the appeal to be wholly frivolous under *Anders*.

**{¶26}** We therefore grant counsel's motion to withdraw and the appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR